FILED
11-03-2020
John Barrett
Clerk of Circuit Court
2020CV006511
Honorable Pedro Colon-18
Branch 18

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE |
|---|---|---|

| | | |
|---|---|---|
| SANDRA KLOC,<br>5555 S. Kirkwood Ave.<br>Cudahy, WI 53110 | | **SUMMONS**<br><br>Case No.:<br><br>Classification Code: 30301 |
| | Plaintiff, | |
| v. | | |
| NATIONAL ENTERPRISE SYSTEMS, INC.,<br>29125 Solon Road<br>Solon, OH 44139 | | **Jury Trial Demanded**<br><br>Amount claimed is greater than the amount under Wis. Stat. § 799.01(1)(d). |
| | Defendant. | |

**EXHIBIT 1**

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint,

1

and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:   November 3, 2020                                          ADEMI LLP

                  By: *Electronically signed by John D. Blythin*
                     John D. Blythin (State Bar No. 1046105)
                     *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

FILED
11-03-2020
John Barrett
Clerk of Circuit Court
2020CV006511
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY
                                  CIVIL DIVISION

| | |
|---|---|
| SANDRA KLOC,<br>5555 S. Kirkwood Ave.<br>Cudahy, WI 53110<br><br>                  Plaintiff,<br><br>    v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br>29125 Solon Road<br>Solon, OH 44139<br><br>                  Defendant. | **COMPLAINT**<br><br>Case No.:_____<br>Classification Code: 30301<br><br><br>**Jury Trial Demanded** |

COMES NOW Plaintiff Sandra Kloc, by Plaintiff's Attorneys, Ademi LLP, and for a cause of action, states as follows:

### INTRODUCTION

1.    This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

### JURISDICTION AND VENUE

2.    The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## PARTIES

3. Plaintiff Sandra Kloc is an individual who resides in Milwaukee County.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant National Enterprise Systems, Inc. ("NES") is a foreign business corporation with its principal offices located at 29125 Solon Road, Solon, Ohio 44139.

7. NES is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NES is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. NES is licensed as a "collection agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74. [https://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA](https://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA) (visited Nov. 3, 2020)

10. NES is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11. On or about January 14, 2020 Defendant mailed Plaintiff Kloc a debt collection letter regarding an alleged debt owed to "Synchrony Bank" ("Synchrony"). A copy of this account statement is attached to this complaint as Exhibit A.

2

12. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Kloc inserted by computer.

13. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, generated by computer, and used by Defendant to attempt to collect alleged debts.

14. Defendant mailed <u>Exhibit A</u> to Kloc in a "window envelope" – an envelope containing a transparent, "glassine" window displaying Kloc's name and address. A copy of the letter (<u>Exhibit A</u>) inside the envelope is attached as <u>Exhibit B</u>.

15. Also printed on <u>Exhibit A</u>, immediately above Defendant's return address and in all-caps font are the words "*PERSONAL & CONFIDENTIAL*".

16. The "*PERSONAL & CONFIDENTIAL*" language was visible through the glassine window. It appears as follows:

> ||..|||||||..|..|.||..||||..|||.|.||..|||..|..||..||||.
> * PERSONAL & CONFIDENTIAL*
> Sandra Kloc
> 5555 S Kirkwood Ave
> Cudahy WI 53110-2368

17. Kloc opened the envelope containing <u>Exhibit A</u> and retained the envelope, which contained the glassine window through which the "*PERSONAL & CONFIDENTIAL*" language was visible. <u>Exhibit B</u>.

18. 15 U.S.C. § 1692f(8) expressly prohibits:

(8)　Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

19. Like 15 U.S.C. § 1692f(8), Wis. Stat. § 427.104(1)(e) prohibits debt collectors from disclosing "information affecting the customer's reputation, whether or not for credit

3

worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information."

20. The Seventh Circuit recently held that the plain language of 15 U.S.C. 1692f(8) prohibits debt collectors from printing *any* extraneous text in a way that it is visible on an envelope containing a dunning letter. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020).

21. *Preston* addressed a dunning letter in an envelope containing the language "TIME SENSITIVE DOCUMENT." *Id.* at 777.

22. The Seventh Circuit held that any extraneous language visible on an envelope containing a debt collection letter violates 15 U.S.C. § 1692f(8) as a matter of law:

> The first sentence of § 1692f prohibits debt collectors from using unfair or unconscionable means to collect a debt. That prohibition is then followed by a specific list of conduct that violates the section. Among those acts specifically listed is the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer ... except that a debt collector may use his business name" under prescribed circumstances. 15 U.S.C. § 1692f(8). On its face, the prohibition is clear: use of any language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).

*Id.* at 781.

23. In *Preston*, the Seventh Circuit expressly rejected the "benign language exception" followed in some other circuits, holding that Congress created a bright-line rule:

> Believing the statutory language to be ambiguous, the court looked to the legislative history, the Federal Trade Commission's ("FTC") interpretation of the provision, and district court cases interpreting the provision, *see Goswami*, 377 F.3d at 494 (collecting cases), to conclude that a benign-language exception should apply.
> …
> We respectfully disagree with the approach taken by our sister circuits. … The statutory language [of § 1692f(8)] does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are

4

indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language. As one court has explained,

> [t]his approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." [15 U.S.C.] § 1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of § 1692f(8).

*Palmer v. Credit Collection Servs., Inc.*, 160 F. Supp.3d 819, 822-23 (E.D. Pa. 2015). In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

In sum, the meaning of § 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not use any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Id.* at 782-84; *cf. Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004); *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004).

24.     As in *Preston*, the "PERSONAL & CONFIDENTIAL" language on <u>Exhibit A</u> violates the plain language of 15 U.S.C. § 1692f(8). *Preston*, 948 F.3d at 783-84.

25.     There is no artificial distinction between language printed directly on an envelope itself and language printed on the dunning letter that is visible through the envelope's glassine window. The purpose of 15 U.S.C. § 1692f(8) is to prohibit the disclosure of information to third parties. Indeed, the "TIME SENSITIVE DOCUMENT" language at issue in *Preston* was

5

actually printed on an internal envelope that was itself visible through the glassine window of the envelope that actually contained the postage. *Preston*, 948 F.3d at 777; *see also, Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDPCA—the invasion of privacy."); 15 U.S.C. § 1692c(b) (prohibiting debt communication with third parties other than those specified in the statute).

26.	Further, it is not difficult for a debt collector to comply with 15 U.S.C. § 1692f(8) – the creditor simply must not print extraneous information on the envelopes or allow it to show through the glassine windows of envelopes.

### ***The FDCPA***

27.	The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt

collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. Allowing debt collectors to print extraneous information risks injury to the privacy interests expressly protected by Congress in the FDCPA, even where the language might be considered "benign." As the Seventh Circuit explained in *Preston*, the prohibition on ***any*** extraneous text "simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language." *Preston*, 948 F.3d at 783.

30. 15 U.S.C. § 1692f generally prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692f(8) specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

### The WCA

32. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

33. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

34. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

35. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin*

8

*Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

36. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

37. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

38. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

39. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15 (Wis. 2010). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

40. Wis. Stat. § 425.302 creates a cause of action for "all violations for which no other remedy is specifically provided" by the WCA.

41. Wis. Stat. § 427.104(1)(e) prohibits the disclosure of "information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information."

42. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

43. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

44. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist."

45. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. <u>Exhibit A</u> contains extraneous text, visible on the outside of the envelope through the window, which states: "*PERSONAL & CONFIDENTIAL*".

48. The use of such extraneous text on an envelope containing a dunning letter, or visible on the front of the envelope through a window, violates 15 U.S.C. § 1692f(8) as a matter of law. *Preston*, 948 F.3d at 783-84.

49. Defendant violated 15 U.S.C. §§ 1692f and 1692f(8).

## COUNT II – WCA

50. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51. Exhibit A contains extraneous text, visible on the outside of the envelope through the window, which states: "*PERSONAL & CONFIDENTIAL*".

52. The use of such extraneous text on an envelope containing a dunning letter, or visible on the front of the envelope through a window, violates 15 U.S.C. § 1692f(8) as a matter of law. *Preston*, 948 F.3d at 783-84.

53. NES is licensed as a "collection agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

54. Defendant violated Wis. Stat. §§ 427.104(1)(e), 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of a class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant that included the text "*PERSONAL & CONFIDENTIAL*" above the recipient's address, (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter was mailed between November 3, 2019 and November 3, 2020, inclusive, (e) and was not returned by the postal service.

56. The class is so numerous that joinder is impracticable.

57. Upon information and belief, there are more than 50 members of the class.

58.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and WCA.

59.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

60.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

61.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

62.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     injunctive relief;

(b)     actual damages;

(c)     statutory damages;

(d)     attorneys' fees, litigation expenses and costs of suit; and

(e)     such other or further relief as the Court deems proper.

Dated:  November 3, 2020

**ADEMI LLP**

By:     /s/ John D. Blythin
        John D. Blythin (SBN 1046105)

12

Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

13

**FILED**
**11-03-2020**
**John Barrett**
**Clerk of Circuit Court**
**2020CV006511**
**Honorable Pedro Colon-18**
**Branch 18**

# EXHIBIT A

# NATIONAL ENTERPRISE SYSTEMS

2479 Edison Blvd., Unit A ♦ Twinsburg, OH 44087-2340
Ph. (800) 260-5834

January 14, 2020

Sandra Kloc
5555 S Kirkwood Ave
Cudahy WI 53110-2368

Current Creditor: Synchrony Bank
Debt Description: Stein Mart Credit Card
Account Number: XXXXXXXXXXXX1053
NES Account Number: ▮▮▮▮▮▮▮▮0003
Please contact: (800) 260-5834

**Balance: $1,078.86**

We have been authorized to settle your account, in full, for something less than the balance referenced above. Please contact this office if you would like to discuss this offer.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02083GB_449683593

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

Daytime Phone: (_____) _____ - _____
Evening Phone: (_____) _____ - _____

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

229

* PERSONAL & CONFIDENTIAL*
Sandra Kloc
5555 S Kirkwood Ave
Cudahy WI 53110-2368

**NATIONAL ENTERPRISE SYSTEMS**
Ph. (877) 603-7165
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

January 14, 2020                                    GECF

Account Number:    XXXXXXXXXXXX1053
Balance:           $1,078.86

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
N.C. Permit No. 101691, 29125 Solon Road, Solon, OH 44139
N.C. Permit No. 112832, 2479 Edison Blvd., Unit A, Twinsburg, OH 44087
N.C. Permit No. 113131, 150 East Campus View Blvd., Suite 280, Columbus, OH 43235

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

**FILED**
**11-03-2020**
**John Barrett**
**Clerk of Circuit Court**
**2020CV006511**
**Honorable Pedro Colon-18**
**Branch 18**

# Exhibit B

1 of 1 KIOSLZ-A

0007 004653

ONNES102
PO Box 1280
Oaks, PA 19456-1280

ADDRESS SERVICE REQUESTED

* PERSONAL & CONFIDENTIAL *
Sandra Kloc
5555 S Kirkwood Ave
Cudahy WI 53110-2368

STEIN MART

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH